SEBEUS C. MAINE *vs.* EDWARD HARPER.

A defendant's cash book, containing entries of sums of money received and paid out by
him, is not competent as independent evidence of payments made by him upon a demand
for which he is sued.

CONTRACT to recover for services as an attorney at law. The
defendant relied upon payment, and having been sworn as a
witness, at the trial in the superior court, testified to certain
payments made by him to the plaintiff. He then offered in evi-
dence his cash book, (described in the opinion,) which he testified
was the only book kept by him in his business, and contained
entries of his daily cash transactions made at the time of their
occurrence ; but *Lord*, J. ruled that it was not a book of charges
competent to prove payment. The defendant was permitted to
testify that at the time of making the several payments he en-
tered the same upon a book, and he read to the jury what he
entered on the book, and his mode of entering it. The jury
returned a verdict for the plaintiff, and the defendant alleged
exceptions.

*W. L. Burt*, for the defendant.

*T. Willey*, for the plaintiff.

METCALF, J. Upon inspecting the defendant's book, it is
clear that the judge correctly ruled that it was not competent
evidence of payments made to the plaintiff. It was a mere
cash book. At the head of the left hand leaves was written,
throughout the book, " By cash received," and at the head of
the right hand leaves, " To cash paid," or on the left, " Cash

received in," and on the right, " Cash paid out." Such is not a book of accounts or charges that was ever held admissible, in this commonwealth, even in proof of a claim made by a plaintiff. And though we do not doubt that a defendant's books are admissible in evidence, when offered to prove a set-off against a plaintiff's claim, yet it can be only such a book as the plaintiff may introduce in support of his claim.

But if the defendant's book had been, generally, such a book of accounts or charges as is admissible, yet the particular charges therein of payments made to the plaintiff would not have been competent evidence. No book kept by a party ever was legal evidence, in this commonwealth, of payment of money made by him.                                      *Exceptions overruled.*